UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYNE M. SEETO,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK KENDALL III, Secretary of the Air Force<br><br>    Defendant. | Case No. 2:25-cv-00038-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Stay Discovery pending resolution of his Motion to Dismiss. ECF No. 39. The Court reviewed the Motion, Plaintiff's Response (ECF No. 40), and Defendant's Reply (ECF No. 41). The Court finds as follows.

**I.    Background**

Plaintiff brought the instant action against Defendant on January 8, 2025, challenging his administrative discharge from the Air Force in June of 2020 as arbitrary, capricious, and an abuse of discretion under the Administrative Procedure Act ("APA"). ECF No. 1. In his now Amended Complaint Plaintiff asserts three claims under the APA seeking relief in the form of vacatur of his administrative discharge, reinstatement to his former rank, correction of his military records, and remand to the relevant Air Force tribunals for further proceedings. ECF No. 21.

Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) on May 9, 2025, arguing the Court of Federal Claims has exclusive jurisdiction over Plaintiff's claims. ECF No. 24 at 6. Defendant submits that because Plaintiff's "true intent" is to receive back pay from the date he was discharged, his claim is in actuality one for monetary damages and, therefore, because the APA's waiver of sovereign immunity only extends to claims for relief other than money damages, Plaintiff's claim can only be heard by the Court of Federal Claims under the Tucker Act. *Id.* at 9. Defendant contends no discovery is necessary to resolve the jurisdictional issue presented in the Motion to Dismiss. ECF No. 39. Plaintiff responds that Defendant's jurisdictional argument is meritless because the

1

Amended Complaint seeks only equitable relief, which the Court of Federal Claims lacks jurisdiction to grant. ECF No. 40.

**II.     Discussion**

The Federal Rules of Civil Procedure "do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). When deciding whether to issue a stay, the Court takes a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. That said, the ultimate question for the Court is whether under FRCP 1 it is more efficient to move discovery forward while the dispositive motion is pending or to limit discovery with the aim of resolving the case in the most inexpensive manner possible. *Id.* at 603. Further, cases involving difficult and detailed questions of fact and law are the exact types of cases necessitating a stay under the principles of Rule 1, which requires courts to act in furtherance of the "just, speedy, and inexpensive" determination of actions. *Schrader v. Wynn Las Vegas, LLC*, Case No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021).

Here, a preliminary peek at the Motion to Dismiss does not immediately reveal whether Defendant is likely to prevail on the merits of the Motion. As Plaintiff notes, his Amended Complaint does not include a claim for monetary damages. ECF No. 21. And while Defendant is correct in that Plaintiff may not "avoid the Claims Court's jurisdiction by framing an action against the federal government that appears to seek only equitable relief when the party's real effort is to obtain damages," *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099 (9th Cir. 1990), other courts within the Ninth Circuit have found the exercise of jurisdiction over wrongful discharge claims to be proper where any monetary award would be an indirect result of a favorable ruling. *See, e.g.*, *Mosley v. United States Dep't of the Army*, Case No. CV-13-02645-PHX-SRB, 2014 WL 12693819, at *3 (D. Ariz. May 12, 2014) ("Because Plaintiff's Amended Complaint reveals an independent interest in valuable non-monetary relief—the correction of her discharge records—it is

not 'in essence' a claim for monetary relief.") (cleaned up); *Poole v. Rourke*, 779 F. Supp. 1546, 1556 (E.D. Cal. 1991) ("It would be demeaning to justice and to respect for the non-monetary concerns of former officers, for this court to hold that plaintiff's claims for invalidity of his conviction and discharge are necessarily masks for a subsequent claim of monetary relief.").

Plaintiff's primary arguments in opposition to the Motion to Dismiss—that the Court of Federal Claims cannot grant the equitable relief (ECF No. 25 at 3)—appears misguided, at least in part. That is, the Tucker Act grants that court the authority "as an incident of and collateral to any … judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records[.]" 28 U.S.C.S. § 1491(a)(2). The Claims Court also has authority to "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just," *id.*, precisely what Plaintiff seeks from this Court. *See* ECF No. 21 at 7 (requesting the Court "[r]emand to the Air Force for proceedings consistent with AFI 36-3206 and applicable law").

Based on the complex legal questions presented, the Court finds a stay of discovery is warranted. Defendant's jurisdictional challenge is based on sovereign immunity; specifically, whether the federal government has waived its sovereign immunity before the district courts for this type of claim. ECF No. 24 at 9. Courts in this District have repeatedly noted that "in suits against government officials, which raise issues of immunity, discovery should not be allowed until the resolution of certain threshold questions through motions to dismiss[.]" *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653-54 (D. Nev. 1989) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)). Plaintiff does not explain how discovery would be necessary to resolve this issue, instead claiming discovery is necessary to prove the merits of his underlying claims. ECF No. 41 at 2. This also weighs in favor of granting a stay. *See Ministerio Roca Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (A stay of discovery is proper where "Plaintiff does not allege in its opposition [] that further discovery is necessary for the court to rule on the jurisdictional or immunity issues raised in the motions to dismiss ….").

3

In sum, the Court finds Defendant's Motion to Dismiss goes to threshold issues of jurisdiction and immunity and discovery is not needed to resolve these issues. Thus, a stay of discovery is properly granted pending resolution of the Motion to Dismiss.

### III.  Order

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion to Stay Discovery Pending Motion to Dismiss (ECF No. 39) is hereby GRANTED.

IT IS FURTHER ORDERED that if the Court does not dismiss this case in its entirety, the parties must, no later than twenty-one (21) days after the Court's decision on Defendant's Motion to Dismiss is issued, submit a proposed discovery plan and scheduling order to the Court.

Dated this 31st day of July, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE