UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RYNE M. SEETO,
Plaintiff,

v. Case No. 2:25-cv-00038-JAD-EJY

FRANK KENDALL III,
Secretary of the Air Force,
Defendant.

✓ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
OCT 01 2025
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: AMMi DEPUTY

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

Plaintiff Ryne M. Seeto, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment declaring his May 25, 2020 administrative discharge void ab initio due to fundamental jurisdictional, statutory, and constitutional defects.

I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's administrative discharge was executed by Dr. Gerald D. Curry, Director of the Air Force Review Boards Agency (AFRBA), without lawful authority. This action violates: (1) Air Force Instruction (AFI) 36-3206, ¶ 4.7 (now incorporated into Department of the Air Force Instruction (DAFI) 36-3211, Part 3), requiring express written delegation from the Secretary of the Air Force (SecAF) for officer discharges; (2) the Federal Vacancies Reform Act (FVRA), 5 U.S.C. § 3345 et seq., restricting exercise of presidentially appointed, Senate-confirmed (PAS) duties; (3) the Appointments Clause, U.S. Const. art. II, § 2, cl. 2; and (4) due process under the Fifth Amendment, due to structural bias in the subsequent Air Force Discharge Review Board (AFDRB) review and denial based on undisclosed rationale. The discharge is ultra vires and void, with no force or effect under 5 U.S.C. § 3348.

II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. **Discharge Order.** On May 25, 2020, Dr. Gerald D. Curry, Senior Executive Service (SES), Director, AFRBA, signed Plaintiff's discharge order "on behalf of the Secretary of the Air Force," asserting delegated authority without attaching or referencing a written designation. ECF No. 24-2 (Discharge Documents).
2. **Regulatory Authority.** AFI 36-3206, ¶ 4.7 (now DAFI 36-3211, Part 3) vests original administrative discharge authority for commissioned officers exclusively in the SecAF or an expressly written designee. ECF No. 24-2.
3. **Absence of Written Delegation.** The administrative record contains no contemporaneous SecAF memorandum delegating discharge authority to Dr. Curry. ECF No. 24-2.
4. **AFRBA's Limited Role.** AFRBA oversees appellate reviews of personnel actions via boards like the AFDRB and Air Force Board for Correction of Military Records (AFBCMR), not original discharges. AFRBA possesses no statutory authority to execute original personnel actions.
5. **Non-PAS Status.** Dr. Curry was not presidentially appointed or Senate-confirmed, nor designated by the President under FVRA § 3345(a) to perform PAS functions. 5 U.S.C. § 3345(a).
6. **Structural Conflict.** As AFRBA Director, Dr. Curry oversaw the AFDRB, which denied Plaintiff's discharge upgrade request on August 20, 2024. ECF No. 24-4 (AFDRB Decision FD-2023-

00320).

7. **Procedural Mismatch.** The AFDRB denial cited rationale (e.g., Plaintiff had "ample opportunity to change... negative behavior") not raised, discussed, or addressed at the hearing, denying notice and response opportunity. ECF No. 24-4; ECF No. 24-5 (Hearing Transcript).
8. **Ignored Arguments.** The AFDRB failed to address Plaintiff's core legal claims from his November 6, 2019 show cause response, including AFI 36-3206 misconduct definitions. ECF No. 24-2 (Show Cause Response).

III. STANDARD OF REVIEW

Summary judgment is warranted when no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All facts here are undisputed from the record.

IV. LEGAL ARGUMENT

**A. The Discharge Was Ultra Vires Under AFI 36-3206/DAFI 36-3211**

Officer discharges require explicit, written SecAF delegation. AFI 36-3206, ¶ 4.7; DAFI 36-3211, Part 3. No such designation exists in the record, rendering the action beyond delegated authority and void. An action taken by a federal official without statutory authority is void ab initio. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 587 (1952); *Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940) (ultra vires actions void ab initio).

**B. FVRA Prohibits Exercise of PAS Duties Without Proper Designation**

The FVRA limits performance of PAS office functions to designated acting officials. Only the President may direct delegation of PAS duties, and the statute confines who may serve. 5 U.S.C. § 3345(a). Officer discharge is a significant PAS duty reserved to SecAF. Dr. Curry, lacking presidential designation, violated FVRA; under 5 U.S.C. § 3348(d)(1), actions taken by an individual not properly authorized under § 3345 "shall have no force or effect" and "may not be ratified." No wartime exception applies.

**C. Appointments Clause Violation**

Exercising "significant authority" like discharging officers requires proper appointment under U.S. Const. art. II, § 2, cl. 2. *Buckley v. Valeo*, 424 U.S. 1, 126 (1976). Dr. Curry's non-PAS status without constitutional designation circumvents this requirement, voiding the action.

**D. Due Process Violations: Structural Bias and Lack of Fair Notice**

Due process demands impartial review free from conflicts of interest. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (*nemo judex in causa sua*—no one should be a judge in his own case). Dr. Curry's dual role—executing the discharge and overseeing AFDRB—creates an impermissible structural conflict. Allowing AFRBA—the very agency whose Director executed the discharge—to adjudicate whether that discharge should be upgraded "would offer a possible temptation to the average man as a judge to forget the burden of proof," and violates the fundamental guarantee of impartial review. *Id.*

The AFDRB's undisclosed rationale denied Plaintiff fair notice and opportunity to rebut, compounding the bias. ECF No. 24-4; ECF No. 24-5. This aligns with systemic AFDRB bias patterns addressed in *Johnson v. Kendall*, No. 3:21-cv-01214 (D. Or. 2024 settlement) (addressing institutional presumptions and disparities in AFDRB proceedings). Remedy requires new, unbiased hearing. *Lucia v. SEC*, 585 U.S. 237, 251 (2018).

**E. Defects Are Jurisdictional and Incurable**

These violations are fundamental jurisdictional defects; no ratification is possible. 5 U.S.C. § 3348; *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 95 (1998). A jurisdictional defect of authority cannot be cured retroactively; actions taken without lawful authority are nullities. *Kalb v. Feuerstein*, 308 U.S. 433, 438–39 (1940). *Quod nullum est, nullum producit effectum*—void actions produce no legal effect.

V. SYLLOGISTIC ANALYSIS

**Major Premise:** Executive actions must comply with statutory delegation, constitutional appointment requirements, and impartial due process.

**Minor Premise:** Dr. Curry lacked written SecAF delegation (AFI/DAFI), FVRA/Presidential designation, Appointments Clause compliance, and provided structurally biased review without fair notice.

**Conclusion:** The discharge and AFDRB denial are void ab initio and must be vacated.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

A. Declare the May 25, 2020 discharge void ab initio for lack of authority under AFI 36-3206/DAFI 36-3211, the FVRA, and the Appointments Clause;

B. Order expungement of all references to the void discharge and derivative actions from Plaintiff's military records;

C. Declare the AFDRB denial void as the product of structurally biased proceedings and remand for de novo, unbiased review, or in the alternative, order reinstatement with back pay and benefits;

D. Award costs and attorney's fees under the Equal Access to Justice Act;

E. Grant such other relief as this Court deems just and proper.

**Respectfully submitted,**

Ryne M. Seeto
Plaintiff, Pro Se
3824 Enchanted Sky St
Las Vegas, NV 89129
(307) 423-1003
Ryne.seeto@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 01, 2025, I filed the foregoing via the Court's CM/ECF system, which will serve all counsel of record.

Ryne M. Seeto

**MEMORANDUM OF LAW**

In support of this Motion, Plaintiff incorporates by reference all authorities cited herein. The legal principles of ultra vires action, statutory construction, constitutional separation of powers, and due process compel the conclusion that Dr. Curry's discharge action was fundamentally without authority and void ab initio.

*Delegatus non potest delegare nisi expressa auctoritate*—a delegate cannot further delegate except by express statutory authority, which is absent here. The systemic AFDRB bias documented in *Johnson v. Kendall* underscores the need for judicial intervention to ensure fair adjudication free from structural conflicts of interest.

The cumulative effect of these violations—regulatory, statutory, constitutional, and procedural—renders the discharge and subsequent review fundamentally defective and requires complete vacatur and make-whole relief.