UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Ryne M. Seeto,

    Plaintiff

v.

Frank Kendall III, Secretary of the Air Force,

    Defendant

Case No.: 2:25-cv-00038-JAD-EJY

**Order Denying Motions**

[ECF Nos. 24, 26, 27]

    Pro se plaintiff Ryne Seeto, a former Air Force Captain, was discharged under "other-than-honorable conditions" following a conviction under the Uniform Code of Military Justice.[1] He alleges that the discharge was "arbitrary and capricious" and "an abuse of discretion" under the Administrative Procedure Act (APA) and that both his underlying conviction and the Air Force's rejection of his resignation violated his constitutional right to procedural due process.[2] So Seeto brings this suit for reinstatement to his former rank, a declaration that his discharge was unlawful, correction of his records to reflect an honorable discharge, and a remand to the Air Force for further proceedings.[3]

    The Secretary of the Air Force moves to dismiss Seeto's suit for lack of subject-matter jurisdiction, contending that the Court of Federal Claims has exclusive jurisdiction to hear this case under the Tucker Act. Seeto, in turn, moves for sanctions and for a hearing on both motions. Because the issues have been sufficiently briefed, I find that these motions are capable of resolution without a hearing.[4] I deny Seeto's motion for sanctions as he failed to comply with

---

[1] ECF No. 24 at 3.
[2] ECF No. 21.
[3] *Id.* at 7.
[4] L.R. 78-1 ("All motions may be considered and decided with or without a hearing.").

Rule 11(c)(2)'s safe-harbor requirement. And I deny the Secretary's motion to dismiss because the Tucker Act does not grant jurisdiction to the Court of Federal Claims for this case as currently pled.

**Background**

While serving in the Air Force, Seeto was convicted of conduct unbecoming of an officer under Article 133 of the Uniform Code of Military Justice and of indecent conduct under Article 134. When the Air Force Court of Criminal Appeals authorized a rehearing, Seeto entered a pretrial agreement and pled guilty to the Article 133 charge.[5] As part of that agreement, he tendered his unconditional resignation from military service and waived his right to a board hearing on any administrative discharge.[6] He also acknowledged that, if the resignation were accepted, he would separate under other-than-honorable conditions.[7]

The Air Force initiated discharge proceedings under Air Force Instruction 36-3206, citing "serious or recurring misconduct punishable by military or civilian authorities" based on the Article 133 conviction.[8] Seeto then applied for resignation, but the Air Force denied the request and proceeded with the administrative discharge.[9] Seeto sought review before the Air Force Discharge Review Board, which found the discharge proper and equitable.[10]

Seeto then filed a "Complaint for Judicial Review under the Administrative Procedure Act" in this court under 5 U.S.C. § 702, claiming, *inter alia*, that (1) his discharge was "arbitrary

---

[5] ECF No. 24-2 at 11 (pretrial agreement).
[6] *Id.* at 11–12.
[7] *Id.* at 11.
[8] ECF No. 24-2 at 2 (memorandum to Seeto notifying him of discharge action).
[9] ECF No. 24-4 at 9 (document denying Seeto's resignation).
[10] ECF No. 21 at 17 (Air Force Discharge Review Board decisional document).

2

and capricious" because it was performed with "no explanation, much less a rationale; and (2) the decision to initiate administrative separation" based on his court-martial conviction violated his right to procedural due process because he did not engage in the "serious misconduct" required for such a decision.[11] He prayed for the court to declare that the administrative discharge was unlawful and vacate it, and to order the Air Force to make him "whole by granting monetary relief equal to" his "lost wages. . . ."[12]

When the Secretary filed a motion to dismiss that complaint, arguing that Seeto's prayer for monetary damages triggered the Tucker Act, which vests jurisdiction over such claims exclusively in the Court of Federal Claims,[13] Seeto amended his complaint to delete his prayer for monetary relief.[14] His amended complaint now asks the court to[15]:

1. Declare Defendant's action (administrative discharge) to be unlawful under the APA and vacate the action.
2. Grant equitable relief, including but not limited to:
    a. Reinstatement to Plaintiff's former rank (O-3 Captain) or equivalent status
    b. Correction of Plaintiff's military records to reflect an honorable discharge and removal of prejudicial notations.
    c. Remand to the Air Force for proceedings consistent with AFI 36-3206 and applicable law.
3. Award such other equitable relief as the Court deems just and proper, to resolve all claims in this action and promote judicial economy by avoiding multi-forum litigation.

---

[11] ECF No. 9.
[12] *Id.* at 5–6.
[13] ECF No. 11.
[14] ECF No. 21.
[15] *Id.* at 7.

3

And it contains a preamble[16] that clarifies that Seeto is not seeking monetary relief:

> Note: Plaintiff files this amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), seeking leave of court to clarify that relief sought is equitable under the Administrative Procedure Act (5 U.S.C. § 706), ensuring jurisdiction under 5 U.S.C. § 702 and 28 U.S.C. § 1331, and to add claims regarding Defendant's breach of the Pre-Trial Agreement (PTA) and the lack of misconduct in the Article 133, UCMJ conviction specification. This amendment responds to Defendant's motion to dismiss (Doc. 11) by removing monetary relief references to avoid Tucker Act jurisdiction (28 U.S.C. § 1491) and to promote judicial economy by resolving all claims in this Court.

Despite Seeto's revisions, the Secretary moves again for dismissal, arguing that Seeto's "true intent" is to get money damages, and the Court of Federal Claims is the right court to evaluate all the relief he seeks.[17]

## Discussion

**A.    To sue the federal government, a plaintiff must show that sovereign immunity has been waived.**

"The United States, as sovereign, cannot be sued without an express waiver of its sovereign immunity."[18] While 28 U.S.C. § 1331 grants federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States,"[19] that statute does not operate as a waiver of sovereign immunity.[20] So in order to sue the federal government in

---

[16] *Id.* at 1.

[17] ECF No. 24.

[18] *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

[19] 28 U.S.C. § 1331.

[20] *Kester v. Campbell*, 652 F.2d 13, 15 (9th Cir. 1981).

district court, a plaintiff "must identify an independent basis for the waiver of sovereign immunity."[21]

Seeto alleges that the APA supplies that waiver for his claims.[22] The APA allows the federal government to be sued in federal district court if two conditions are met:[23] (1) the plaintiff seeks relief other than money damages,[24] and (2) no other adequate remedy exists in another court.[25] The Secretary contends that Seeto's suit, by its nature, doesn't fall within the APA's limited waiver of sovereign immunity and belongs instead in the Court of Federal Claims.[26] "The Court of Federal Claims is an Article I trial court of limited jurisdiction that was created by Congress as a forum [in which] private parties could sue the government for money claims, other than those sounding in tort," that "would otherwise be barred by sovereign immunity."[27]

With the Tucker Act,[28] Congress waived sovereign immunity for "claims founded upon statutes or regulations that create substantive rights to money damages,"[29] vesting exclusive jurisdiction over such suits in the Court of Federal Claims.[30] The Court of Federal Claims "does

---

[21] *Kanemoto*, 41 F.3d at 644; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (recognizing that the party asserting federal jurisdiction has the burden of establishing all its requirements).

[22] ECF No. 21 at 1 ("This Court has jurisdiction under 5 U.S.C. § 702, which authorizes judicial review of agency actions causing legal wrong or adversely affecting the plaintiff . . . .").

[23] 5 U.S.C. §§ 701–706.

[24] 5 U.S.C. § 702.

[25] 5 U.S.C. § 704.

[26] ECF No. 24 at 6.

[27] *Kanemoto*, 41 F.3d at 644.

[28] 28 U.S.C. § 1491.

[29] *United States v. Mitchell*, 463 U.S. 206, 218 (1983).

[30] *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1027 (9th Cir. 2023).

not have jurisdiction over claims" brought under the APA.[31] The Secretary argues that because Seeto requested backpay as part of his relief in his original complaint and his request for equitable relief is merely incidental to that, Seeto's suit is ultimately one for money damages, so exclusive jurisdiction lies in the Court of Federal Claims.[32] Seeto denies that this case involves money damages at all because he characterizes the relief sought in his amended complaint as purely non-monetary.[33] And he argues that the Court of Federal Claims can't provide adequate relief for the wrongs done to him.[34]

### B. Seeto has established jurisdiction in this court under the APA because his claims aren't brought under a money-mandating statute and the remedies he seeks are not available in the Court of Federal Claims.

#### *1. Seeto is not seeking monetary damages.*

The first prong of this jurisdictional analysis requires the court to properly characterize the type of relief that Seeto seeks. The Ninth Circuit has held that litigants cannot evade the Court of Federal Claims by dressing up damages claims as equitable ones.[35] The Secretary urges this court to treat Seeto's claim as one for money damages because Seeto's original complaint included a prayer for backpay, so his amendment is just an "attempt[] to plead around the Tucker Act" and hide the fact that his ultimate goal is to recover money damages.[36] He adds that

---

[31] *Banerjee v. U.S.*, 77 Fed. Cl. 522 (Ct. Cl. 2007) (citing *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003)).

[32] *Id.* at 8.

[33] ECF No. 25 at 2.

[34] *Id.* at 3.

[35] *See, e.g.*, *Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099 (9th Cir. 1990).

[36] ECF No. 24 at 7–8.

because numerous courts have found that the Court of Federal Claims has exclusive jurisdiction over military-backpay cases, the APA cannot be Seeto's hook for district-court jurisdiction.[37]

The Secretary relies heavily on the Ninth Circuit's opinion in *Denton v. Schlesinger*, in which former officers challenged their discharges, seeking $350,000 in money damages for their terminations plus reinstatement with the wages, retirement benefits, and other remuneration that came with that status.[38] The officers argued that the Court of Federal Claims was not the proper forum because their damages claims were merely secondary to their claims for equitable relief, and the Court of Federal Claims could not grant them that equitable relief.[39] The Ninth Circuit disagreed. Because the officers were requesting damages exceeding $10,000, bringing their claims squarely within the Tucker Act, and the Court of Claims could award them the equitable relief they sought, it held that the case belonged in the Court of Federal Claims, not in the district court.[40]

Seeto points the court instead to the U.S. Supreme Court's opinion in *Bowen v. Massachusetts*.[41] In *Bowen*, the Commonwealth of Massachusetts filed suit in the U.S. District Court for the District of Massachusetts under § 702 of the APA, challenging the Secretary of Human and Health Services' (HHS) decision to deny the state's request for Medicaid reimbursement of certain state-funded expenditures.[42] The HHS Secretary argued that the suit fell outside the APA's immunity waiver and belonged in the Court of Federal Claims because it

---

[37] *Id.* at 7 (citing *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978); *Larsen v. Hoffman*, 444 F. Supp. 254 (D.C. 1977); *Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973)).

[38] ECF No. 24 at 6–8; *Denton v. Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979).

[39] *Id.*

[40] *Id.* at 486–87.

[41] ECF No. 25 at 2.

[42] *Bowen v. Massachusetts*, 487 U.S. 879, 890–91 (1988).

sought federal contribution to its Medicaid program, which the HHS Secretary characterized as monetary damages, not specific relief.[43] The Supreme Court rejected that position.[44] It reasoned that specific relief compels the defendant to give the plaintiff the very thing to which the law entitles it, distinguishing such relief from money damages, which substitute money for a suffered injury.[45] Massachusetts was not pursuing "money damages" in the ordinary sense—compensation for a loss suffered—but was instead seeking to enforce a statutory mandate requiring the Secretary to tender federal funds under Medicaid.[46] So the Court concluded that the Massachusetts suit was seeking specific relief, not money damages, and thus fell within the APA's waiver of sovereign immunity and belonged in district court.[47]

The remedies that Seeto seeks in his operative amended complaint are vacatur of his unlawful discharge, reinstatement, correction of military records, and remand to the Air Force.[48] These remedies are more properly characterized under *Bowen* as specific relief rather than money damages because they seek specific things that Seeto claims the law entitles him to, not a substitution of money for a suffered injury. While Seeto prayed for backpay in his original complaint, he dropped that prayer from his amended complaint, so it is no longer at issue,[49] and the preamble to his amended complaint makes it clear that he is disclaiming monetary relief.[50]

---

[43] *Id.*

[44] *Id.* at 910.

[45] *Id.* at 895.

[46] *Id.* at 891–901.

[47] *Id.* at 910.

[48] ECF No. 25 at 2.

[49] *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) (jurisdiction turns on the operative complaint, not one that has been superseded).

[50] *See* ECF No. 21 at 1.

But even if that remedy hadn't been deleted, backpay wouldn't qualify as money damages. As part of its analysis distinguishing specific relief from damages, the High Court in *Bowen* gave "reinstatement of an employee with backpay" as an example of specific relief.[51] So even if I were to consider the fact that Seeto originally requested backpay, that would not take his claim outside the scope of the APA's waiver.

To put a finer point on it, Seeto's claims don't implicate the Tucker Act because he hasn't pled a request for relief under a statute that mandates monetary relief. "The Tucker Act does not itself provide a substantive cause of action; instead a plaintiff must look elsewhere for the source of substantive law on which to base a Tucker Act suit against the United States."[52] That source must typically be a "money-mandating constitutional provision[], statute[], regulation[], or executive order[]" for the Tucker Act to operate as a waiver of sovereign immunity.[53] "In the context of military discharge cases, the applicable 'money-mandating' statute that is generally invoked is the Military Pay Act, 37 U.S.C. § 204."[54] But Seeto does not rely on the Military Pay Act; he does not cite to it, and he has expressly disclaimed monetary relief.[55] As the D.C. Circuit observed in *Sharp v. Weinberger*, "suits by federal employees seeking only equitable relief from allegedly unlawful employment decisions by federal officials have been entertained in the federal courts" for decades.[56] So "it is clear that § 702 now

---

[51] *Id.* at 893.

[52] *Martinez*, 333 F.3d at 1303.

[53] *Id*. at 1302.

[54] *Id*. at 1303.

[55] ECF No. 21 at 1.

[56] *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986) (cleaned up) (emphasis deleted) (collecting authority). The Secretary argues that Seeto also brings a breach-of-contract claim, for which immunity has not been waived. ECF No. 24 at 8–9; ECF No. 29 at 7. The *Sharp* court explained that "[t]he sole remedy for an alleged breach of contract by the federal government is a

9

constitutes a waiver of sovereign immunity from such nonmonetary suits, and that district courts have jurisdiction over them under 28 U.S.C. §§ 1331 (general federal question), 1361 (action in the nature of mandamus), and 2201–2202 (declaratory judgment)."[57] I thus find that Seeto's claims are for relief other than money damages and do not seek relief under a money-mandating provision.

### 2. *The Court of Federal Claims cannot provide an adequate remedy.*

Seeking relief other than money damages only gets Seeto halfway to the APA's waiver of sovereign immunity, however. To stay in this court, Seeto must also show that "there is no other adequate remedy" available in the Court of Federal Claims.[58] The Secretary argues that adequate remedies are available to Seeto because the Tucker Act gives the Court of Federal Claims the power to provide ancillary remedies.[59]

---

claim for money damages, either in the United States Claims Court under the Tucker Act" or, if for less than $10,000, "in district court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2)." *Sharp*, 798 F.2d at 1523. While Seeto labeled this claim as "Count 2: Breach of Pre-Trial Agreement," *see* ECF No. 21 at 2, that single-paragraph claim relies exclusively on § 706(2)(A) of the APA and I liberally construe that allegation as merely part of Seeto's claimed reasons that the Air Force's decision was arbitrary and capricious. *See id*. So at this nascent stage, I interpret this claim as merely part of his claim for judicial review under the APA, not as an independent breach-of-contract claim. Should it turn out that Seeto intends or seeks to pursue a breach-of-contract claim, this court likely would not have the ability to adjudicate that claim. *See Sharp*, 798 F.2d at 1523 ("The waiver of sovereign immunity in the Administrative Procedure Act does not run to actions seeking declaratory relief or specific performance in contract cases, because that waiver is by its terms inapplicable if "any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought . . . and the Tucker Act and Little Tucker Act impliedly forbid such relief.").

[57] *Id*. (cleaned up).

[58] *Millican v. United States*, 2006 WL 5640829, at *6 (Fed. Cl. Aug. 24, 2006); 5 U.S.C. § 704.

[59] *See* ECF No. 29 at 6–7.

"It is true that limited equitable relief sometimes is available in Tucker Act suits. However, that equitable relief must be 'an incident of and collateral to' a money judgment."[60] As the Federal Circuit explained in *Mitchell v. United States*, 28 U.S.C. 1491(a)(2) expressly gives the Claims Court the power, "in appropriate military back-pay cases, [to] 'provide an entire remedy,' including 'restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records.'"[61] "Mitchell's complaint request[ed] back pay, reinstatement, and correction of records," and that back-pay request was necessary to unlock the court's ability to grant that additional relief.[62] "The Court of Federal Claims has no power "to grant affirmative non-monetary relief unless it is tied and subordinated to a money judgment.'"[63] Because Seeto is not seeking a money judgment or pursuing his claims under a money-mandating statute, the relief he requests in this suit is not available from the Court of Federal Claims. So I find that the Secretary has not shown that this case is one for Tucker Act jurisdiction, and I deny its motion to dismiss.

**C.     Seeto has not established that sanctions are available.**

Seeto moves for sanctions under Federal Rule of Civil Procedure 11 against Assistant United States Attorney Nell. He concedes, however, that he did not serve the safe-harbor notice

---

[60] *James v. Caldera*, 159 F.3d 573, 580 (Fed Cir. 1999) (quoting 28 U.S.C. § 1491(a)(2)); *Smith v. Secretary of the Army*, 384 F.3d 1288, 1293 (Fed. Cir. 2004) (explaining that the Court of Federal Claims can provide equitable and other non-monetary relief only "if the service member's claim constitutes a request for money (together with a request for ancillary equitable relief) and if the request is based on a money-mandating statute, such as the Military Pay Act.").

[61] *Mitchell*, 930 F.2d at 896 (cleaned up) (quoting 28 U.S.C. § 1491(a)(2)).

[62] *Id*.

[63] *James*, 159 F.3d at 580 (quoting *Austin v. U.S.*, 206 Ct. Cl. 719, 723 (1975)).

11

required by Rule 11(c)(2).[64]  Instead, he asks the court to issue a show-cause order under Rule 11(c)(3) and to impose sanctions sua sponte.[65]

But Rule 11(c)(3) authorizes such orders on the court's own initiative, not at a party's request.[66]  And Rule 11(c)(3) show-cause orders are "ordinarily . . . issued only in situations akin to contempt of court."[67]  Seeto has not shown that any conduct in this case is akin to contempt, so a show-cause order is not warranted.  I thus deny Seeto's motion for sanctions.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff Ryne Seeto's motions for sanctions and a hearing **[ECF Nos. 26, 27] are DENIED,** the motion to dismiss for lack of subject-matter jurisdiction **[ECF No. 24] is DENIED**, and the defendant has 20 days to file an answer or other proper response to the complaint.

_____
U.S. District Judge Jennifer A. Dorsey
October 9, 2025

---

[64] ECF No. 27 at 2.
[65] *Id.*
[66] Fed. R. Civ. P. 11(c)(3).
[67] Fed. R. Civ. P. 11(c) advisory committee's note to 1993 amendment.