# MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR SANCTIONS

**RYNE M. SEETO**
Pro Se Plaintiff
6300 Morning Glen Circle
Las Vegas, Nevada 89108
Phone: (702) 328-8341
Email: ryne.seeto@gmail.com

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
OCT 28 2025
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY: AMMi DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**RYNE M. SEETO,**

Plaintiff,

v. **Case No. 2:25-cv-00038-JAD-EJY**

**FRANK KENDALL III,**
Secretary of the Air Force,

Defendant.

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR SANCTIONS

TO THE HONORABLE COURT:

Plaintiff Ryne M. Seeto, appearing pro se, respectfully moves this Court pursuant to Local Rule IA 3-1 and Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's October 11, 2025 Order (ECF 52) denying Plaintiff's Motion for Sanctions (ECF 27).

## I. TIMELINESS AND PROCEDURAL POSTURE

1. This motion is filed pursuant to Local Rule IA 3-1, which requires motions for reconsideration to be filed within fourteen (14) days of the entry of the order sought to be reconsidered.
2. The Court's Order denying Plaintiff's Motion for Sanctions was entered on **October 11, 2025** (ECF 52).
3. While this motion is filed outside the fourteen-day window, Plaintiff requests the Court exercise its discretion to consider this motion given the extraordinary circumstances outlined below and the interests of justice.
4. Alternatively, this motion is brought under the Court's inherent authority to reconsider interlocutory orders at any time prior to final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).

## II. LEGAL STANDARD

5. A motion for reconsideration may be granted where the Court:
   a. Is presented with newly discovered evidence;
   b. Committed clear error or made an initial decision that was manifestly unjust; or
   c. Faces an intervening change in controlling law.

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

6. Additionally, "a district court has inherent power to reconsider and modify interlocutory orders any time prior to final judgment." *Melancon v. Bergstedt*, 820 F.2d 900, 902 (9th Cir. 1987).

## III. GROUNDS FOR RECONSIDERATION: INTERVENING EVENTS VINDICATE SANCTIONS MOTION

7. **The Court's subsequent October 9, 2025 Order denying Defendant's Motion to Dismiss (ECF 49) conclusively establishes that Defendant's jurisdictional arguments were frivolous**, thereby vindicating Plaintiff's Motion for Sanctions.
8. The original Motion for Sanctions was **denied solely on procedural grounds**—failure to comply with Federal Rule of Civil Procedure 11(c)(2)'s 21-day safe harbor requirement. The Court did not reach the merits of whether Defendant's conduct warranted sanctions.
9. **Intervening events since the denial demonstrate manifest injustice** if sanctions are not reconsidered.

### A. Court's Merits Ruling Vindicated Plaintiff's Sanctions Argument

10. On **October 9, 2025**, this Court issued a comprehensive 12-page Order (ECF 49) denying Defendant's Motion to Dismiss and **decisively rejecting every jurisdictional argument** that formed the basis of Plaintiff's sanctions motion.
11. The Court's Order establishes that Defendant's Tucker Act jurisdictional argument was **objectively meritless**, finding:

- Plaintiff seeks **specific relief**, not monetary damages (*Bowen v. Massachusetts*, 487 U.S. 879 (1988))
- Tucker Act does not apply absent a "money-mandating statute"
- Defendant's attempt to recharacterize Plaintiff's claims was improper
- Court of Federal Claims lacks jurisdiction over this action

12. Judge Dorsey's analysis **mirrors Plaintiff's sanctions motion arguments verbatim**, confirming that Defendant's position lacked any reasonable legal basis.

### B. Defendant's Failure to Oppose Summary Judgment: NEW SANCTIONABLE CONDUCT

13. **Most tellingly, and constituting independent grounds for sanctions**, Defendant **failed to oppose Plaintiff's Motion for Summary Judgment (ECF 48)**, which was due October 22, 2025 —**six days ago**.
14. This failure to oppose constitutes **NEW sanctionable conduct** occurring **after** the Court's October 11 denial of the original sanctions motion.
15. **AUSA Karissa D. Neff**, counsel of record for Defendant, has a professional duty to:

a. Respond to dispositive motions under Local Rule IA 6-1(c);
b. Communicate with opposing counsel regarding case status;
c. Seek extensions of time if unable to meet deadlines; and
d. Notify the Court of any reassignment of counsel.

16. AUSA Neff has done **none of the above**. Her silence for **six days past deadline** suggests either:

a. **Professional negligence** in calendaring deadlines;
b. **Abandonment** of her client's defense; or
c. **Strategic default** to avoid producing non-existent evidence.

17. Each scenario warrants sanctions under either Rule 11 or the Court's inherent authority.

### C. Impact on Judicial Administration

18. Defendant's failure to oppose the MSJ **wastes judicial resources** by:

a. Forcing the Court to rule on an unopposed motion;
b. Creating uncertainty about whether opposition will be filed late;
c. Delaying final resolution of this case unnecessarily; and
d. Setting precedent that government attorneys may ignore deadlines without consequence.

19. The United States Attorney's Office—**a sophisticated repeat litigant**—should not receive more lenient treatment than pro se litigants who face sanctions for missing deadlines.
20. **This Court has inherent authority** to manage its docket and sanction dilatory conduct that impedes administration of justice. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980).

### D. Pattern of Misconduct by AUSA Neff and USAO

21. AUSA Neff's conduct throughout this litigation demonstrates a **pattern of dilatory and unprofessional behavior**:

**Timeline of Misconduct:**

- **March 19, 2025**: Neff requests extension to respond to complaint
- **March 28, 2025**: Plaintiff **explicitly tells Neff** via phone that he disclaims monetary relief
- **May 9, 2025**: Neff files MTD based on Tucker Act, **ignoring Plaintiff's disclaimer**
- **May 30, 2025**: Neff files opposition to sanctions motion (ECF 35)
- **August 5, 2025**: Plaintiff moves to disqualify Neff for misconduct (ECF 43)

- **August 7, 2025**: Court denies disqualification motion (ECF 44)
- **October 9, 2025**: Court **rejects all of Neff's jurisdictional arguments** (ECF 49)
- **October 22, 2025**: Neff's MSJ opposition **due but not filed**
- **October 28, 2025**: **Six days late**—still no filing, no communication

22. This pattern shows **willful disregard** for:

a. Opposing counsel's representations;
b. Court deadlines and local rules;
c. Professional responsibilities under Model Rule 3.2 (expediting litigation); and
d. Duty of candor to the tribunal under Model Rule 3.3.

## E. Voluntary Response Waived Safe Harbor Objection

23. **Defendant waived any safe harbor objection by voluntarily filing a substantive opposition** to Plaintiff's Motion for Sanctions (ECF 35) on May 30, 2025.
24. By responding on the merits rather than raising the procedural defect, Defendant **invited the Court to rule** on the sanctions motion's substance.
25. Federal courts recognize that **voluntary engagement with a motion waives procedural objections** where party fails to raise them in timely response. *See Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 881 (6th Cir. 1997) (failure to raise procedural defect in timely response constitutes waiver).
26. Defendant's opposition (ECF 35) **argued the merits extensively**:

a. Disputed whether Tucker Act argument was frivolous;
b. Argued their jurisdictional theory was reasonable;
c. Contested Plaintiff's characterization of their conduct; and
d. **Never once mentioned** the safe harbor as defense or objection.

27. **Defendant cannot take inconsistent positions**: file substantive opposition inviting merits ruling, then object to Court deciding the merits based on procedural technicality. This violates judicial estoppel principles. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).
28. The Court should not reward **tactical gamesmanship** where Defendant:

a. Files opposition arguing sanctions unwarranted on merits;
b. Loses decisively when Court rejects those merits arguments (ECF 49); then
c. Falls back on procedural safe harbor defense **never raised in opposition**.

29. **Judicial economy** strongly favors finding waiver: Defendant already briefed merits, Court already reviewed merits (via ECF 49), and safe harbor objection was readily apparent to sophisticated government counsel but deliberately not raised.

### F. Substantial Compliance with Safe Harbor

30. Even if voluntary response waiver does not apply, **Plaintiff substantially complied** with Rule 11(c)(2)'s safe harbor requirement.

31. **Plaintiff provided actual notice** to AUSA Neff on **March 28, 2025** via telephone conversation, explicitly stating:

> "I'm not seeking monetary relief other than if the court says that I'm owed it as a secondary effect."

32. This actual notice, **more than 41 days before Defendant filed its MTD** (May 9, 2025), satisfies the **purpose** of Rule 11(c)(2)'s safe harbor—providing opportunity to withdraw or correct frivolous filings.

33. Defendant **chose to file the frivolous MTD anyway**, despite actual knowledge that Plaintiff disclaimed monetary relief and that the Tucker Act argument was baseless.

34. Courts recognize **substantial compliance** with Rule 11 safe harbor requirements where actual notice was provided and the purpose of the rule was fulfilled. *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003).

35. The procedural technicality should not immunize **deliberate bad-faith conduct** where actual notice was provided and ignored.

## IV. SANCTIONS WARRANTED UNDER MULTIPLE LEGAL THEORIES

### A. Rule 11(b) Violations

36. Federal Rule of Civil Procedure 11(b) requires that by presenting a pleading or motion to the court, an attorney certifies that:

(1) It is not being presented for any improper purpose;
(2) Legal contentions are warranted by existing law or nonfrivolous argument; and
(3) Factual contentions have evidentiary support.

37. AUSA Neff violated **all three requirements** by:

a. Filing MTD for **improper purpose** of delay after receiving actual notice it was meritless;
b. Advancing **legal contentions** (Tucker Act jurisdiction) **not warranted by law**, as confirmed by this Court's October 9 Order; and
c. Making **factual contentions** (Plaintiff seeks monetary damages) **contradicted by the record** and Plaintiff's explicit disclaimers.

### B. 28 U.S.C. § 1927 - Multiplying Proceedings

38. Section 1927 authorizes sanctions against attorneys who "multiplie[d] the proceedings in any case unreasonably and vexatiously."

39. AUSA Neff multiplied proceedings by:

a. Filing frivolous MTD requiring full briefing cycle;
b. Forcing Plaintiff to file sanctions motion (ECF 27);
c. Opposing that sanctions motion (ECF 35) despite knowing her position was meritless;

d. Filing reply brief on MTD (ECF 29) doubling down on rejected arguments; and
e. Now **failing to respond to MSJ**, forcing this reconsideration motion.

40. These filings have consumed **eight months** of litigation time on jurisdictional issues that should have been resolved in 30 days.

### C. Court's Inherent Authority

41. Even if Rule 11 and § 1927 are unavailable, this Court retains **inherent authority** to sanction bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

42. Sanctions under inherent authority require a finding of **bad faith or willful misconduct**. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

43. AUSA Neff's conduct meets this standard through:

a. **Willful disregard** of Plaintiff's explicit disclaimers (March 28 phone call);
b. **Reckless pursuit** of Tucker Act argument with no legal support;
c. **Strategic default** on MSJ to avoid producing non-existent delegation memo; and
d. **Pattern of dilatory tactics** spanning eight months of litigation.

44. Bad faith is established where attorney pursues claims "without any reasonable basis in fact or law." *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1996).

## V. USAO INSTITUTIONAL RESPONSIBILITY

45. Sanctions should be imposed **jointly and severally** on:

a. **AUSA Karissa D. Neff** (individually); and
b. **United States Attorney's Office, District of Nevada** (institutionally).

46. The USAO has **supervisory responsibility** for its attorneys' conduct. *United States v. Kojayan*, 8 F.3d 1315, 1322 (9th Cir. 1993).

47. The USAO's failure to:

a. Supervise AUSA Neff's handling of this case;
b. Withdraw frivolous arguments after Court's October 9 Order;
c. Reassign counsel or notify Court of staffing changes; or
d. File timely opposition to dispositive motion

demonstrates **institutional failure** warranting sanctions against the office itself.

48. Institutional sanctions send important message that government attorneys are **not above the rules** that govern all litigants.

## VI. MANIFEST INJUSTICE WARRANTS RECONSIDERATION

49. **The Court should not reward Defendant's decision to ignore actual notice** and proceed with objectively frivolous arguments that:

- Wasted Plaintiff's time and resources defending meritless MTD
- Multiplied proceedings unnecessarily over eight months

- Consumed scarce judicial resources (12-page Order rejecting arguments)
- Delayed resolution of Plaintiff's legitimate claims for five years

50. Defendant's conduct reflects **consciousness of guilt**:

- Filed frivolous MTD despite actual notice of disclaimer
- Lost MTD decisively (12-page rejection by Court)
- Then **defaulted on MSJ opposition** rather than defend discharge on merits
- Producing non-existent SecAF delegation memo would expose ultra vires discharge

51. This pattern demonstrates the very abuse Rule 11 was designed to prevent: using procedural maneuvers to delay and harass pro se litigants seeking to vindicate constitutional rights.
52. **Pro se litigants deserve equal protection** from frivolous government litigation tactics. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## VII. REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court:

1. **RECONSIDER** its October 11, 2025 Order (ECF 52) denying Plaintiff's Motion for Sanctions (ECF 27);
2. **GRANT** Plaintiff's Motion for Sanctions based on:

a. **Voluntary response waiver**: Defendant's substantive opposition (ECF 35) waived procedural objection;
b. **Substantial compliance** with Rule 11(c)(2) via actual notice on March 28, 2025;
c. **NEW sanctionable conduct** (failure to oppose MSJ) occurring after October 11, 2025;
d. **28 U.S.C. § 1927** (multiplying proceedings); and/or
e. The **Court's inherent authority** to sanction bad-faith conduct;

3. **ORDER** sanctions payable **jointly and severally** by:

a. AUSA Karissa D. Neff (personally); and
b. United States Attorney's Office, District of Nevada (institutionally);

4. **DETERMINE** sanctions amount to include reasonable attorney's fees and costs incurred by Plaintiff in:

a. Opposing Defendant's frivolous Motion to Dismiss (ECF 24);
b. Briefing the original sanctions motion (ECF 27, 38);
c. Preparing this motion for reconsideration;
d. Preparing Notice of Non-Opposition to MSJ (due to Defendant's default);

5. **REFER** this matter to the Magistrate Judge for evidentiary hearing and determination of appropriate sanctions amount;
6. **ORDER** AUSA Neff to show cause why she should not be:

a. Reported to the Nevada State Bar for disciplinary action;
b. Reported to the Office of Professional Responsibility, U.S. Department of Justice; and
c. Barred from further participation in this case;

7. **GRANT** such other relief as the Court deems just and proper.

## VIII. CONCLUSION

53. Plaintiff does not seek sanctions out of spite or vindictiveness. Rather, sanctions serve three critical functions:

- **Deterrence**: Preventing future bad-faith tactics against pro se litigants
- **Compensation**: Reimbursing Plaintiff for time and resources wasted defending frivolous arguments
- **Vindication**: Affirming that even government attorneys must comply with ethical obligations

54. This Court's October 9 Order **vindicated Plaintiff's position entirely**. Defendant's subsequent failure to oppose summary judgment **six days ago** confirms they never had a defensible case.
55. Defendant **waived** safe harbor objection by filing substantive opposition on merits. Alternatively, Plaintiff **substantially complied** with safe harbor by providing actual notice.
56. **NEW sanctionable conduct** (failure to oppose MSJ) provides independent grounds for reconsideration even if the Court declines to revisit the safe harbor issue.
57. AUSA Neff's pattern of misconduct and the USAO's institutional failure to supervise warrant sanctions to preserve the integrity of federal litigation.
58. Reconsideration is warranted to prevent manifest injustice and ensure equal treatment of all litigants before this Court.

**Respectfully submitted,**

**Dated**: October 28, 2025

**/s/ Ryne M. Seeto**
Ryne M. Seeto, Pro Se
6300 Morning Glen Circle
Las Vegas, Nevada 89108
Telephone: (702) 328-8341
Email: ryne.seeto@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on opposing counsel via the Court's CM/ECF system on October 28, 2025.

**/s/ Ryne M. Seeto**
Ryne M. Seeto