**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ryne M. Seeto,<br>Plaintiff<br>v.<br>Frank Kendall III,<br>Secretary of the Air Force,<br>Defendant | Case No.: 2:25-cv-00038-JAD-EJY<br><br>**Order Denying Plaintiff's Motion to Strike, Denying Leave to File a Second Amended Complaint, and Extending Summary-Judgment Response and Reply Deadlines**<br><br>[ECF Nos. 65, 71, 72] |

Pro se plaintiff Ryne Seeto, a former Air Force Captain, was discharged under "other-than-honorable conditions" following a conviction under the Uniform Code of Military Justice. He alleges that the discharge was "arbitrary and capricious" and "an abuse of discretion" under the Administrative Procedure Act (APA) and that both his underlying conviction and the Air Force's rejection of his resignation violated his constitutional right to procedural due process. So Seeto brings this suit for reinstatement to his former rank, a declaration that his discharge was unlawful, correction of his records to reflect an honorable discharge, and a remand to the Air Force for further proceedings.

Frank Kendall III, in his official capacity as the Secretary of the Air Force, moves for summary judgment on all of Seeto's claims. Seeto moves to strike the Secretary's motion, arguing that the Secretary never served the motion and its exhibits on him. He simultaneously moves for leave to file a second amended complaint to "conform the pleadings" to the court's order denying his partial-summary-judgment motion.[1] In his response to the Secretary's

[1] ECF No. 71.

summary-judgment motion, Seeto requests additional time and discovery under Federal Rule of Civil Procedure (FRCP) 56(d).

Because I find that Seeto needs more time to review the Secretary's discovery, summary-judgment motion, and exhibits, I defer considering the summary-judgment motion under FRCP 56(d) and I grant Seeto a 14-day extension to respond to the motion. But I deny Seeto further discovery because the documents he seeks are not relevant to his operative complaint. I also deny Seeto's motion to strike the summary-judgment motion and exhibits because I instead grant his requested response extension, which the Secretary consented to. And because Seeto fails to meet FRCP 16(b)'s good-cause standard, I deny his motion for leave to file a second amended complaint.

**Background**

While serving in the Air Force, Seeto was convicted of conduct unbecoming of an officer under Article 133 of the Uniform Code of Military Justice and of indecent conduct under Article 134. Seeto entered a pretrial agreement and pled guilty to the Article 133 charge.[2] As part of that agreement, he tendered his unconditional resignation from military service and waived his right to a board hearing on any administrative discharge.[3] He also acknowledged that, if the resignation were accepted, he would separate under other-than-honorable conditions.[4]

The Air Force initiated discharge proceedings under Air Force Instruction (AFI) 36-3206, citing "serious or recurring misconduct punishable by military or civilian authorities" based on the Article 133 conviction.[5] Seeto then applied for resignation, but the Air Force denied the

---

[2] ECF No. 67-2 (pretrial agreement).

[3] *Id.* at 3.

[4] *Id.*

[5] ECF No. 67-5 (memorandum to Seeto notifying him of discharge action).

request and proceeded with the administrative discharge.[6] Seeto sought review before the Air Force Discharge Review Board, which found the discharge proper and equitable.[7]

Seeto's operative complaint alleges that the Air Force (1) violated the APA, 5 U.S.C. § 706(2)(A), by issuing an arbitrary-and-capricious discharge decision, discharging Seeto without justification, and failing to meet AFI 36-3206's "serious misconduct" definition; (2) violated the same APA provision by arbitrarily rejecting his pretrial agreement; and (3) denied his procedural-due-process rights by rejecting his resignation and discharging him without fair notice of his offense.[8] The Secretary moves for summary judgment on all three claims, but Seeto moves to strike the motion, arguing that it was never served on him.[9] He also seeks leave to file a second amended complaint with new APA and procedural-due-process theories.[10] In his response to the Secretary's summary-judgment motion, Seeto requests FRCP 56(d) relief, arguing that he did not have time to review the defendant's filing or document production and now requires further discovery to properly oppose defendant's motion.[11]

---

[6] ECF No. 67-9 (document denying Seeto's resignation).

[7] ECF No. 67-10 (Air Force Discharge Review Board decisional document).

[8] ECF No. 21 at 2–3.

[9] ECF No. 65; ECF No. 72.

[10] ECF No. 71.

[11] ECF No. 76.

## Discussion

### A. The court denies Seeto's motion to strike the Secretary's summary-judgment motion and grants the consented-to response extension.

Seeto moves to "strike" the Secretary's motion for summary judgment and its exhibits because he didn't receive them.[12] A motion to strike isn't the correct procedural mechanism for the relief that Seeto seeks,[13] so I construe his motion instead as an improper-service argument under FRCP 5, which requires all filings to be served on the opposing party.

Seeto explains that the email address he used to consent to electronic service[14] has been "compromised by unauthorized third parties" for more than a year.[15] The Secretary filed his summary-judgment motion on July 8, 2026.[16] Two weeks later, Seeto accessed his hacked account and told the Secretary's clerk that he didn't receive defendant's June 2026 initial disclosures and production.[17] Seeto gave the clerk a new email address and asked her to use the updated email for future correspondence.[18] Seeto claims that he wasn't aware of the Secretary's summary-judgment and seal motions until August 6, 2026, when he downloaded them from PACER.[19] He argues that, because of his July communication informing the Secretary's clerk that his email had been compromised, the Secretary should have known that he didn't receive the

---

[12] ECF No. 72.

[13] *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [FRCP 12] only pleadings are subject to motions to strike.").

[14] ECF No. 45.

[15] ECF No. 72 at 2.

[16] ECF No. 65.

[17] ECF No. 72 at 3.

[18] *Id.*; *see* ECF No. 75-2 at 7.

[19] ECF No. 72 at 3.

summary-judgment motion and motion to seal.[20] Seeto requests "an order striking" defendant's summary-judgment motion or "an order deeming service of ECF Nos. 65–69 effective as of August 6, 2026, and setting [his] opposition deadline at August 27, 2026."[21] The Secretary doesn't oppose an extension of Seeto's response deadline.[22] Because both parties agreed to a response extension, I do not reach the merits of Seeto's improper-service argument and instead, in the interest of justice and deciding defendant's motion on a complete record, I extend Seeto's response deadline under FRCP 56(d) as discussed below. I also order the Secretary to serve its summary-judgment motion,[23] motion to seal,[24] and sealed exhibits[25] on Seeto using both the email address and mailing address he provided to the Secretary's clerk.[26]

---

[20] *Id.* at 3–4. Seeto also argues that the Secretary didn't include a certificate of service in either of his motions, but a certificate is no longer required under FRCP 5 when motions are served electronically. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").

[21] ECF No. 72 at 10.

[22] ECF No. 75 at 2; ECF No. 76. The Secretary didn't oppose a "final" extension to August 27, 2026, but because Seeto didn't receive the administrative record until August 25, I sua sponte extend his response deadline longer than both parties consented to.

[23] ECF No. 65.

[24] ECF No. 66.

[25] ECF No. 67.

[26] *See* ECF No. 75-2 at 7. I recognize that defendant's exhibits are part of the administrative-record production already given to Seeto, but to avoid any confusion and to comply with Local Rule 10-5, I also order the documents emailed and mailed to him. *See* L.R. 10-5 ("An attorney . . . who files a document under seal must include with the document . . . a certificate of service certifying that the sealed document was served on the . . . pro se parties.").

### B. The court defers ruling on the Secretary's summary-judgment motion under FRCP 56(d) and extends Seeto's response deadline by 14 days.

In his response to defendant's summary-judgment motion, Seeto argues that he never received the sealed exhibits and that he only received the Secretary's production a day before his requested opposition deadline.[27] The Secretary states that he "provided plaintiff with a copy of the administrative record"—including the sealed documents—"via USAfx (Defendant's file exchange platform) . . . on June 8, 2026."[28] Seeto admits that the Secretary re-transmitted the administrative record around August 25, 2026.[29]

Seeto moves for FRCP 56(d) relief, arguing that he didn't have time to review and respond to the Secretary's summary-judgment arguments.[30] He also argues that certain documents are missing from the Secretary's production, including an email chain and trial report regarding the Air Force's sex-offender-registration requirements that "appear[] nowhere in the 366-page production."[31] Seeto concludes that he "could take the time to enumerate everything missing from the record produced to" him but suggests that he can provide a complete list "if the court orders the record certified and completed."[32]

---

[27] ECF No. 76 at 26.

[28] ECF No. 66 at 1.

[29] ECF No. 76 at 26. Seeto's original summary-judgment response was due on August 3, 2026, but he requested an unopposed extension to August 27. *See* ECF No. 69; ECF No. 72 at 10.

[30] ECF No. 76 at 5, 26–27 ("Whether plaintiff's own submissions and any record of that hearing appear anywhere in the 366-page production—most of which bears no searchable text layer—is a question Plaintiff, in receipt of the production for approximately one day, has not been able to resolve." (cleaned up)).

[31] *Id.* at 5.

[32] *Id.* at 27 (cleaned up).

FRCP 56(d) allows a summary-judgment nonmovant to submit a declaration that shows he "cannot present facts essential to justify [his] opposition." If the party seeking Rule 56(d) relief submits such a declaration, the court can defer considering the summary-judgment motion or deny it, allow the nonmovant time to conduct further discovery, or issue another appropriate order.[33]

Seeto has not justified an extension of his summary-judgment-response deadline to seek more discovery. The discovery he requests in his current response—documents regarding the sex-offender-registration issue—is unrelated to the claims in his operative complaint. And because I deny him leave to amend to add this claim, any related discovery is irrelevant. I also don't find it appropriate to "order[] the record certified and completed."[34] At the summary-judgment stage, each party is responsible for presenting the evidence that it wants the court to review. If a nonmovant believes that he's missing information, FRCP 56(d) requires him to show what facts are unavailable to him to "justify [his] opposition." Because Seeto did not specify any missing documents that are relevant to his operative complaint, I also don't find it appropriate to allow Seeto to submit a separate declaration listing the discovery documents he seeks.[35] Instead, I defer my summary-judgment ruling under FRCP 56(d)(1) and extend Seeto's response deadline by fourteen days from this order. In his renewed response, Seeto must attach any documents that he wants the court to consider. Seeto must comply with Local Rule 10-5's sealing requirements and attach these documents to his response as exhibits under seal because they contain personal identifying information.

---

[33] Fed. R. Civ. P. 56(d).

[34] ECF No. 76 at 27.

[35] A Rule 56(d) motion is not a substitute for the mechanisms, like requests for production and motions to compel, that were available to Seeto during discovery and which he failed to pursue.

**C. The court denies leave to amend because Seeto fails to show good cause for a second amended complaint.**

Seeto requests leave to file a second amended complaint (SAC) to "conform the pleadings" to the court's order denying partial summary judgment.[36] His proposed second amended complaint adds new theories regarding the Air Force Review Boards Agency, the Federal Vacancies Reform Act, the Appointments Clause, and the Air Force's sex-offender-registration records.[37] Seeto avers that the SAC doesn't "introduce new events, expand the case into unrelated subject matter, or require duplication of completed discovery."[38] He contends that he has good cause to amend his pleading because he's been diligent since May 6, 2026, when "the need to plead these theories first arose," any delay is excused by his "emergency litigation" in other cases, and there's good cause to hold the Air Force accountable for its actions.[39] He concludes that he could've included the sex-offender-registration claim "at the outset," but he wanted "to keep this case's scope clean."[40]

The Secretary responds that Seeto has not been diligent because the good-cause standard measures diligence "from when the movant knew or should have known the facts and theories he seeks to add."[41] He contends that Seeto disclosed these theories in his October 2025 partial-summary-judgment motion and, regardless, he waited over three months after the court's May

---

[36] ECF No. 71 at 2.

[37] *Id.* at 2–3 (cleaned up).

[38] *Id.*

[39] *Id.* at 6–7.

[40] *Id.* at 8.

[41] ECF No. 74 at 4 (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).

2026 order to file his motion for leave to amend.[42] Defendant also argues that Seeto admits that he knew of his sex-offender-registration claim when he filed his initial complaint, so he was not diligent in waiting to file that claim either.[43]

Seeto filed his motion for leave to amend five months after the deadline for moving to amend expired.[44] Although FRCP 15 counsels trial courts to permit liberal amendment, when a motion for leave to amend is filed after the scheduling order's deadline for amendment, "the moving party must satisfy the 'good cause standard'" instead.[45] "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[46]

Whether I measure Seeto's diligence from the date he filed his initial complaint, the date of his partial-summary-judgment motion that detailed his new theories, or the date of the partial-summary-judgment order, he fails to meet Rule 16(b)'s good-cause standard. He admits in his motion that he was aware of these theories after the court's May 2026 order, and a nearly four-month delay in seeking amendment does not show diligence.[47] This is particularly true when

---

[42] *Id.* at 4–5.

[43] *Id.* at 5–6.

[44] ECF No. 58 (setting March 10, 2026, as the deadline to amend pleadings and add parties).

[45] *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

[46] *Johnson*, 975 F.2d at 609.

[47] *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002) (affirming district court's amendment denial because plaintiff waited four months to seek amendment); *Johnson*, 975 F.2d at 610 (upholding the district court's denial of a motion to amend "four months after the cut-off date for amendment had expired" and well after plaintiff knew of the facts requiring amendment); *see also, e.g.*, *Sako v. Wells Fargo Bank, Nat'l Ass'n*, 2015 WL 5022326, *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new

Seeto relied on these theories in his partial-summary-judgment motion, nearly a year before he requested leave to amend. His admission that he knew of his sex-offender-registration claim before he initiated this case also cuts against a diligence finding. So because Seeto fails to meet Rule 16(b)(4)'s threshold diligence requirement,[48] I do not reach his other Rule 16 and Rule 15 good-faith arguments, and I deny him leave to amend his complaint.

**Conclusion**

IT IS THEREFORE ORDERED that Ryne M. Seeto's motion to strike the Secretary's motion for summary judgment **[ECF No. 72] is DENIED.**

IT IS FURTHER ORDERED that the court **DEFERS** considering the Secretary's motion for summary judgment **[ECF No. 65]** under Federal Rule of Civil Procedure 56(d).

IT IS FURTHER ORDERED that Seeto's deadline to file a response to the Secretary's motion for summary judgment is **EXTENDED to November 12, 2026. If Seeto wants the court to consider any evidence in support of his response, he must follow Local Rule 10-5 and file the evidence as exhibits under seal.**

IT IS FURTHER ORDERED that **within two days of this order**, the Secretary **must serve his summary-judgment motion, motion to seal, and sealed exhibits on Seeto** at both the email address and mailing address he provided to the Secretary's clerk.

IT IS FURTHER ORDERED that the Secretary's deadline to file a reply in support of his motion for summary judgment is **EXTENDED to November 19, 2026.**

---

facts to bring a motion to amend does not constitute diligence under Rule 16."). Seeto also mentions emergency litigation and other personal obligations that delayed his motion to leave, but I do not find that these circumstances satisfy Rule 16(b)(4)'s diligence requirement.

[48] *See Johnson*, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

IT IS FURTHER ORDERED that Seeto's motion for leave to file an amended complaint **[ECF No. 71] is DENIED.**

U.S. District Judge Jennifer A. Dorsey
October 29, 2026